UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MIKE GELLER AND MIKE YARBROUGH AS TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 302 HEALTH AND WELFARE AND PENSION TRUST FUNDS,<br><br>            Plaintiff,<br>    v.<br><br>MILLER ELECTRIC & TECHNOLOGY, INC.,<br><br>            Defendant.<br>_____ | Case No.: C 10-03324 CW (PSG)<br><br>**REPORT AND RECOMMENDATION REGARDING PLAINTIFFS MIKE GELLER AND MIKE YARBROUGH AS TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS' MOTION FOR DEFAULT JUDGMENT**<br><br>**(Re: Docket No. 17)** |

Plaintiffs Mike Geller and Mike Yarbrough as Trustees of the International Brotherhood of Electrical Workers Local 302 Health and Welfare and Pension Trust Funds (the "IBEW Trustees") move for entry of a default judgment against Defendant Miller Electric & Technology, Inc. ("MET"). The IBEW Trustees also move for attorneys' fees. Having reviewed the papers and considered the arguments of counsel, the undersigned recommends that the IBEW Trustees' motion for entry of default judgment and attorneys' fees be GRANTED.

Case No.: C 10-03224 CW (PSG)         1
REPORT & RECOMMENDATION

# I. BACKGROUND

**A.  Procedural History**

On July 29, 2010, the IBEW Trustees filed a complaint against MET alleging a claim for breach of a collective bargaining agreement (the "Agreement") in violation of the Employee Retirement Income Security Act of 1974 ("ERISA").[1]  On August 5, 2010, MET was served with a summons and complaint.[2]  MET never answered or otherwise responded to the complaint.  On January 20, 2011, the IBEW Trustees moved for entry of default against MET.[3]  On January 24, 2011, the Clerk of the Court entered default against MET.[4]  On April 1, 2011, the IBEW Trustees moved for default judgment against MET and provided proof of service for both the notice and motion for entry of default judgment.[5]  Copies of the motion for entry of default judgment by the court was sent to MET by U.S. mail.[6]

**B.  Factual History**

MET is an employer under 29 U.S.C. § 1002(5).  Under the Agreement, MET is obligated to make payments to certain employee benefit funds, including: (1) Health & Welfare Trust Fund; (2) Retirement Trust Fund; (3) Electrical Industry Apprentice Trust Fund; (4) NLMCC Fund; (5) Dues Check-Off Fund; (6) National Electrical Benefit Fund; and (7) NECA Dues Fund (collectively, the "Trust Fund").  MET's payments are based on the number of hours worked by employees that are covered by the Agreement.  Payments are due no later than the 15th day of the following month and become delinquent after that date.

The Agreement also provides for liquidated damages of 15 percent of the total amount due if payment is not made by the 15th day of the following month.  In addition, the Agreement provides

---

[1]  *See* Docket No. 1.

[2]  *See* Docket No. 4.

[3]  *See* Docket No. 13.

[4]  *See* Docket No. 14.

[5]  *See* Docket Nos. 17, 19.

[6]  *See id.*

for payment of the reasonable attorneys' fees and costs incurred in collecting delinquent contributions.

MET failed to make payments totaling $120,858.18 for the months of May-June 2010 and December 2010-January 2011. For that total amount of $120,858.18, liquidated damages total $20,275.86 and interest totals $4,457.26. To date, attorneys' fees total $3,753.75 and costs total $452. The IBEW Trustees seek judgment against MET for a total amount of $149,797.05.

## II. LEGAL STANDARDS

Under ERISA, a trustee is authorized to bring a civil enforcement action to recover unpaid contributions from an employer who is bound to make such contributions under a collective bargaining agreement.[7]

After entry of default, district courts are authorized to grant default judgment, so long as the judgment does not "differ in kind from, or exceed in amount, what is demanded in the pleadings."[8] Entry of default judgment is within the court's discretion,[9] and is governed by the following factors: (1) the merits of plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) prejudice to plaintiff; (4) the sum of money at stake; (5) potential disputes concerning material facts; (6) whether default was due to excusable neglect; and (7) the Federal Rules of Civil Procedure's strong policy favoring decisions on the merits.[10] In considering the *Eitel* factors, all factual allegations in the complaint are taken as true, except for those relating to damages.[11]

Where a default judgment is deemed appropriate, the factual allegations of the complaint, except those relating to damages, are taken as true.[12] So long as the allegations in the complaint are

---

[7] *See* U.S.C. § 1132 (a)(3), § 1145 and § 1002(4).

[8] Fed. R. Civ. P. 54(c); *see also* Fed. R. Civ. P. 55.

[9] *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980).

[10] *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).

[11] *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

[12] *See Geddes v. United Fin. Group,* 559 F.2d 557, 560 (9th Cir. 1977) (internal citations omitted).

well pleaded, liability is established as to those allegations by the default.[13]

As to damages, when the damages claimed are not readily ascertainable from the pleadings and the record, the court may (but is not required to) conduct a hearing to determine the amount of damages.[14]

## III. DISCUSSION

Virtually all of the *Eitel* factors weigh in favor of granting the IBEW Trustees' motion for default judgment. The first three factors, which relate to the merits, and sufficiency of and prejudice addressed by the IBEW Trustees' claims, undoubtedly favor the IBEW Trustees.

As for the fourth factor, the IBEW Trustees seek money damages totaling $120,858.18, liquidated damages totaling $20,275.86 and prejudgment interest totaling $4,457.26. IBEW further seeks attorneys' fees totaling $3,753.75 and costs totaling $452.00.

Under ERISA, statutory damages are provided where a multi-employer plan successfully sues under 29 U.S.C. § 1145. A plan that obtains judgment in its favor in an action for unpaid contributions under Section 1145 is entitled to:

(A) the unpaid contributions;
(B) the interest on unpaid contributions;
(C) an amount equal to the greater of –
  (1) interest on the unpaid contributions, or
  (2) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under sub-paragraph (A).
(D) reasonable attorneys' fees and costs of the action, to be paid by the defendant, and
(E) such other legal or equitable relief as the court deems appropriate.[15]

The declaration submitted by Laramie Dorcy supports the claim that there are unpaid contributions by MET for the months of May-June 2010 and December 2010-January 2011. The money damages totaling $120,858.18 therefore are reasonable. Also, the request for liquidated damages in the amount of $20,275.86 is supported by the Agreement and the court finds that the

---

[13] *See Trans World Airlines, Inc. v. Hughes,* 308 F.Supp. 679, 683 (D.C.N.Y. 1969), *modified on other grounds,* 449 F.2d 51, *rev'd on other grounds,* 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973).

[14] *See* Fed. R. Civ. P. 55(b)(2).

[15] 29 U.S.C. §1132(g)(2).

Case No.: C 10-03224 CW (PSG)    4
REPORT & RECOMMENDATION

amount of liquidated damages has been calculated correctly. The liquidated damages sought therefore are appropriate. The IBEW Trustees further request interest totaling $4,457.26. Again, the Dorcy declaration sets forth how the calculation was reached and is reasonable. The interest sought is consistent with the Agreement and should be awarded in full. Having prevailed in the action for unpaid and delinquent contributions, the IBEW Trustees are entitled to reasonable attorneys' fees and costs. In this district, the starting point for determining reasonable fees is the calculation of the "lodestar," which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate.[16] In calculating the lodestar, the court must determine a reasonable rate and a reasonable number of hours for each attorney.[17] Here, the IBEW Trustees seek $3,753.75 in attorneys' fees for 19.25 hours of work at a rate of $195 per hour. The court finds both the rate and the time spent to be reasonable and recommends that the attorneys' fees be awarded in full. The IBEW Trustees also seek costs totaling $452.00. The costs were incurred for the filing fee and for courier expenses. The court finds that the costs sought are reasonable and recommends that these costs be awarded in full.

As for the fifth factor, there are likely no disputes as to material facts because MET did not answer or otherwise respond to the complaint. As for the sixth factor, it is apparent that MET's default was not due to excusable neglect. MET was served with the summons, complaint and the application for default judgment. It is thus unlikely that excusable neglect is the reason for MET's failure to appear before the court. Finally, while the Federal Rules' strong policy favors decisions on the merits, MET has been aware of the pending action since August 5, 2010. MET did not answer or otherwise respond to the complaint. It is unlikely therefore that a decision on the merits is reasonably possible.[18] Notwithstanding courts' general reluctance to enter default judgment, the court recommends that it is appropriate here.

---

[16] *See Jordan v. Multnomah County,* 815 F.2d 1258, 1262 (9th Cir. 1987).

[17] *See Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied, amended on other grounds,* 808 F.2d 1373 (9th Cir. 1987).

[18] *See Eitel,* 782 F.2d at 1472.

## IV. CONCLUSION

For all of the reasons provided above, the court recommends that IBEW's motion for entry of default judgment be granted against MET as follows: (1) principal amount totaling $120,858.18; (2) liquidated damages totaling $20,275.86; (3) prejudgment interest totaling $4,457.26; (4) attorneys' fees totaling $3,753.75 and costs totaling $452.00.

**IT IS SO RECOMMENDED**.

Dated: December 30, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge